UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Miles for Senate Committee,
Barbara Steinberg, and
Steven H. Miles

Civil File No. 01-83 (PAM/JGL)

Plaintiffs,

v.

**MEMORANDUM AND ORDER**

Federal Election Commission,

Defendant.

---

This case arises from Plaintiff Miles for Senate Committee ("Committee"), Barbara Steinberg, and Steven H. Miles' petition under 2 U.S.C. § 437g(a)(4)(C)(iii) for review of a final determination made by Defendant Federal Election Commission ("FEC"). The FEC determined that the Committee and Barbara Steinberg, LTD violated 2 U.S.C. § 434(a) by failing to file a July 2000 quarterly report in a timely manner. Accordingly, the Committee and Barbara Steinberg, LTD were assessed a civil money penalty of $2,700. This matter is before the Court on Defendant's Motion to Dismiss, for Judgment on the Pleadings or, in the Alternative, for Summary Judgment, and Plaintiffs' motion for Judgment on the Record.[1]

---

[1] The FEC argues that the Court should strike Plaintiffs' Motion as untimely. Pursuant to the Pretrial Order dated July 9, 2001, dispositive motions were due on October 1, 2001. The FEC filed its motion on October 1. Plaintiffs did not respond to this Motion, but filed their own Motion for Judgment on the Record on November 5, 2001, without any notice or explanation. The FEC contends that Plaintiffs' Motion does not relate to any previous motion filed by

FILED JAN 10 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD JAN 10 2002
DEPUTY CLERK

For the following reasons, the Court grants Defendant's Motion.

**BACKGROUND**

Plaintiff Steven H. Miles was a candidate for election to the United States Senate in 2000. Plaintiff Miles for Senate Committee ("Committee") was the principal political campaign committee, within the meaning of 2 U.S.C. § 431(4), supporting the nomination and election of Miles. Plaintiffs allege that Barbara Steinberg was the Committee's treasurer during all times relevant to this action. The FEC notes, however, that Barbara Steinberg, LTD, a for-profit corporation organized in the state of Minnesota in 1983, was in fact the Committee's treasurer and that Ms. Steinberg is the corporation's Chief Executive Officer.

Although there is a great deal of factual debate in this case, neither party contends that there are genuine issues of material fact which preclude summary judgment. The material facts for the purposes of the cross-motions for summary judgment are relatively simple. It is undisputed that the Committee began filing periodic reports of its receipts and expenditures in 1998. During the 2000 calender year, the Committee filed quarterly reports. The Committee's July 2000 quarterly report was due no later than July 15, 2000. See 2

---

Plaintiffs and is not a reply to the FEC's Motion for Summary Judgment. Accordingly, the FEC argues that Plaintiffs' Motion can only be deemed a dispositive motion which should have been filed by October 1, 2001. While the Court does not condone Plaintiffs' dilatory filing of their dispositive Motion, the FEC was given ample time to draft a response to this Motion. The Court, therefore, will consider as the Motions as cross-Motions for Summary Judgment.

The more serious flaw to Plaintiffs' Motion is that a Motion was never noticed and filed pursuant to D. Minn. L.R. 7.1(b)(2). Plaintiffs have only filed a memorandum of law in support of their Motion for Judgment on the Record. Despite its procedural deficiencies, however, the Court will consider Plaintiffs' Motion on its merits.

U.S.C. § 434(a)(2)(A)(iii); 11 C.F.R. § 104.5(a). The FEC avers that it sent notices dated June 21, 2000, to the principal campaign committees of all candidates for the United States Senate reminding them of the July 15, 2000, due date for the July 2000 quarterly reports. This notice reminded the committees that pursuant to 11 C.F.R. § 104.5(e), reports sent by registered or certified mail needed to be postmarked by July 15, 2000; otherwise, the reports needed to be received by July 15, 2000.

It is undisputed that the July 2000 quarterly report for the Committee was sent by first class mail from Minneapolis, Minnesota on July 15, 2000. This report was not received by the FEC until July 21, 2000. On August 23, 2000, the FEC found reason to believe that the Committee and Barbara Steinberg, LTD, as treasurer, had violated 2 U.S.C. § 434(a) by failing to file the July 2000 quarterly report in a timely manner. The FEC made a preliminary determination that the civil money penalty for this violation was $2,700 based on 11 C.F.R. § 111.43. The FEC notified the Committee of its determination.

On September 5, 2000, the Committee responded to the FEC's determination. The Reviewing Officer submitted written recommendations to the FEC, taking into account the letter. On November 13, 2000, these recommendations were sent by overnight delivery to the Committee at the Committee's address of record. The FEC did not receive any response to the Reviewing Officer's recommendation within the ten day period provided by 11 C.F.R. § 111.36(f). On December 14, 2000, the FEC voted unanimously to make a final determination that the Committee and Barbara Steinberg, LTD, as treasurer, filed the July

2000 quarterly report late. Accordingly, the FEC assessed a civil money penalty of $2,700. The FEC notified the Committee and its treasurer of this determination on December 14, 2000. On January 17, 2001, Plaintiffs filed a petition for review of the FEC's final determination.

## DISCUSSION

### A. Summary Judgment Standard

Summary judgment is only proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Unigroup, Inc. v. O'Rourke Storage & Transfer Co., 980 F.2d 1217, 1219-20 (8th Cir. 1992). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. Enterprise Bank v. Magna Bank, 92 F.3d 743, 747 (8th Cir. 1996). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Id.

### B. Standing

The FEC contends that Plaintiffs Miles and Steinberg lack statutory standing to file a petition for judicial review of the FEC's determination because they were not named respondents in the underlying case. Section 437g(a)(4)(C)(iii) only permits a "person against whom an adverse determination is made" to file a petition for judicial review of an FEC determination. Here, the FEC did not require either Miles or Steinberg to pay a civil penalty.

The only parties to the administrative determination were the Committee and Barbara Steinberg, LTD.

The Court agrees. "Jurisdictional statutes are to be construed with precision and with fidelity to the terms by which Congress has expressed its wishes." Bread Political Action Committee v. FEC, 455 U.S. 577, 580 (1982) (citations omitted). In this case, Miles and Steinberg lack the requisite statutory standing to be parties to this action. Accordingly, the Court grants the FEC's Motion to dismiss their claims.

**C. Plaintiffs' Motion**

Plaintiffs contend that (1) the FEC's determination is predicated on a regulation, 11 C.F.R. § 104.5(e), that exceeds the rule-making authority of the FEC and (2) the regulation draws an arbitrary and capricious distinction between registered or certified mail and regular mail.

As an initial matter, the FEC contends, and the Court agrees, that Plaintiffs have waived these arguments because they were not raised during the administrative proceeding. See Dakota Underground, Inc. v. Sec'y of Labor, 200 F.3d 564, 567 (8th Cir. 2000) (plaintiff waived its argument concerning a penalty assessed under the Occupational Safety and Health Act of 1970 because it did not raise the argument at the administrative proceeding). 11 C.F.R. § 111.38 provides that "[t]he respondent's failure to raise an argument in a timely fashion during the administrative process shall be deemed a waiver of the respondent's right to present such argument in a petition to the district court under 2 U.S.C.§ 437g."

Even assuming, however, that they had raised these arguments during the administrative review, or had provided some acceptable justification for failing to raise these arguments at such review, Plaintiffs' arguments are unpersuasive. Plaintiffs' first argument can be disposed of with little discussion. Section 434(a)(5) specifically provides that "the United States postmark shall be considered the date of filing . . . [i]f a designation, report, or statement filed pursuant to this Act . . . is sent by registered or certified mail." 2 U.S.C. § 434(a)(5). Because the regulation merely incorporates the same distinction as that made by the statute, it is impossible to find that the regulation is inconsistent with the statute.

Plaintiffs' second argument fares no better from a legal perspective. In essence, Plaintiffs argue that distinguishing between certified or registered mail and regular mail is bad policy. As the FEC points out, however, Plaintiffs' policy arguments, standing alone, "are more properly addressed to legislators or administrators, not to judges. . . . The responsibilities for assessing the wisdom of such policy choices and resolving the struggle between competing views of the public interest are not judicial ones." Chevron, U.S.A., Inc. v. Natural Res. Defense Council, 467 U.S. 837, 864-66 (1984) (citations omitted).

Accordingly, Plaintiffs' motion for Judgment on the Record fails as a matter of law.

### D. Defendant's Motion

The FEC correctly notes that agency action can only be set aside as arbitrary and capricious "where it is not supportable on any rational basis." Production Credit Ass'n of Minn. Valley v. Farm Credit Admin., 783 F. Supp. 416, 417 (D. Minn. 1991) (quoting United

States v. Means, 858 F.2d 404, 409 (8th Cir. 1988)). "[T]he party challenging an agency's action as arbitrary and capricious bears the burden of proof." San Luis Obispo Mothers for Peace v. Nuclear Regulatory Comm'n, 789 F.2d 26, 37 (D.C. Cir. 1986). In this case, Plaintiffs primarily challenge the regulation on which the FEC relied when making its determination. As discussed above, Plaintiffs' challenges fail as a matter of law.

Plaintiffs also implicitly allege, however, that the FEC's determination itself was arbitrary and capricious because "[m]any other political committees and their treasurers also sent their reports in an untimely manner but were not subject to any fine." (Pls.' Supp. Mem. at 3.) In support of this allegation, Plaintiffs cite to an initial report made to the FEC containing recommendations that the FEC make certain findings with respect to a large number of late-filing political committees and treasurers. This report, however, does not reflect what action, if any, was taken by the FEC with respect to those recommendations. In the absence of more information, the mere allegation that Plaintiffs were treated unfairly is insufficient to avoid summary judgment. Because Plaintiffs have not challenged the FEC's determination on any other grounds, the FEC's Motion for Summary Judgment is granted.

**CONCLUSION**

For the foregoing reasons, and upon all the files, records, and proceedings herein, the Court determines that Plaintiffs Miles and Ms. Steinberg lack the requisite statutory standing to be parties to this action. The Court also determines that Plaintiffs' Motion fails as a matter of law. Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for

Judgment on the Record is **DENIED** and Defendant's Motion to Dismiss and for Summary Judgment (Clerk Doc. No. 20) is **GRANTED** as follows:

1. The claims of Plaintiffs Steven H. Miles and Barbara Steinberg are **DISMISSED**;
2. Summary Judgment is **GRANTED** in favor of Defendant on Plaintiff Miles for Senate Committee's remaining claims.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 9, 2001

Paul A. Magnuson
United States District Court Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*